No. 1956.—STATE OF LOUISIANA, ex rel. MRS. C. LYONS, Natural Tutrix, *v.* THE JUDGE OF THE SECOND DISTRICT COURT for the Parish of Orleans.

APPLICATION for a *Mandamus.* C. Roselius & Alfred Philips for petitioner for *mandamus.*

HOWELL, J. The relator asks for a peremptory mandamus, directing

the Judge of the Second Dirtrict Court for the parish of Orleans to grant a suspensive appeal from a judgment decreeing that widow Fry recover "from the succession of her late son, L. W. Lyons, the sum of fifty dollars per month from the death of her son, the same to be paid by the natural tutrix of her grand children, at the end of each month."

The judge answers that the monthly allowance being under five hundred dollars, no appeal lies, and that a suspensive appeal would be a denial of the relief granted imposed by law, and an irreparable injury to the party who is in necessitous circumstances. The latter grounds relate to the merits, which are not before us.

The petition for alimony was filed on the nineteenth of October, 1868, claiming a monthly alimony of one hundred dollars per month from the death of the son (seventeenth of April, 1867), and the additional sum of one hundred dollars per month to be paid monthly during the life of the petitioner, and judgment as above was rendered December 7, 1868.

It is manifest that the amount allowed by the judgment as due and exigible at the date of the demand exceeds the sum of five hundred dollars and is hence within the jurisdiction of this court.

The particular form in which the decree is written out, does not change the amount in dispute at the date of the suit as fixed by the decree itself. The aggregate amount of the monthly installments due by the judgment, at least at the date of instituting the suit, if not at the date of the judgment, can be safely taken as the amount in dispute.

It is therefore ordered that the mandamus issued herein be made peremptory, and the Judge of the Second District Court for the parish of Orleans directed to grant the relator a suspensive appeal from the judgment rendered by him on the seventh of December, 1868, in favor of widow Fry, and against the succession of L. W. Lyons, deceased, for alimony from the date of the death of said Lyons.