### No. 62.

#### JOHN SCHNEIDER *v.* STEPHEN KENNAIR ET AL.

Jurisdiction of appellate court is generally governed by amount claimed in petition.

Where the party enjoining the execution of a judgment is not the judgment debtor, but a third person who submits his title, to the property under execution, for judicial determination, the controversy concerns not the amount of the judgment or writ, but the value of the property and the jurisdiction of the appellate court is governed by the latter amount.

Appellant need not sign bond of appeal.

Rights of third person not affected by simulated sale.

*Appealed from Third District Court, Parish of Orleans, C. U. Emerson, Judge.*

*Simeon Belden,* attorney for plaintiff, appellant.

*C. McRae Selph,* attorney for defendant, appellee.

His Honor Judge Frank McGloin delivered the opinion and decree of the Court in the words and figures following, to wit:

On motion to dismiss:

Defendant moved to dismiss the appeal herein, on the ground:—1st. Because the object, or amount in dispute, does not exceed $500.00;

2nd. That of the two appellants, the bond of appeal has been signed by but one;

3rd. That the bond of appeal is signed only by one of the appellants, and by one Henry Stam, who is no where named in the bond, or described therein as a surety;

4th. That the bond is only for $100.00, which is insufficient in amount and not given under any order of the court fixing an amount.

1st. The suit is one enjoining a writ of *fieri facias*. So far as it has been levied upon certain property, claimed as belonging to the plaintiff. The petition clearly alleges the value of the property seized to be over $500.00, and we consider the rule laid down in Lefevre vs. Broussard, 2 Martin 136, as a proper one, it is to the effect that the jurisdiction of appellate courts should be determined by the amount claimed in the petition, unless the point be expressly put at issue, by an averment of the answer, that the matter in dispute is less than the sum claimed. As, the party enjoining is not the judgment debtor, but a third person, who submits his title for judicial determination, the controversy concerns not the amount of the judgment or writ, but the value of the property.

2nd. It is has been so repeatedly determined, that an appellant need not sign the bond of appeal, that the question can no longer be considered as open for discussion.

3rd. This question presented by this ground of the motion, has been determined adversely to mover, in Succession of L. W. Lyons, decided in 1879, not reported.

4th. The injunction in this case, was dissolved, with 20% damages, upon the amount enjoined, the bond is for a sum exceeding one and a half the amount of said money judgment, and this has been held sufficient in cases similar to the one now before the Court, 21 La. Ann. 65; State *ex rel* vs. Judge.

For these reasons it is ordered, that the motion to dismiss the appeal herein, be denied.

His Honor Judge Frank McGloin delivered the opinion and decree of the Court in the words and figures following, to wit:

Plaintiff seeks to enjoin the execution of a judgment, on the ground that so far as it bears upon certain property which he claims as belonging to him, and not to the defendants in the writ. He produces a written act of sale from one of the defendants, purporting to transfer the property in question. The evidence, however, shows that no sale was really intended, but only the furnishing of security for an existing debt and there was no delivery of the property sought to be effected. Such a transaction cannot affect the rights of third persons, or prevent them from levying upon the property.

The Court *a quo* dissolved the injunction, with 20% damages. The judgment is correct and is therefore affirmed, with costs in both courts against plaintiff and his surety, appellants, *in solido.*